**LAYFIELD & WALLACE, APC**
PHILIP J. LAYFIELD, ESQ. (SBN #204836)
philip@layfieldwallace.com
DANIEL S. DESANTIS, ESQ. (SBN #299997)
daniel@layfieldwallace.com
525 S. Douglas St., Ste. 280
El Segundo, CA 90245
Telephone: (424) 835-6100
Facsimile: (800) 644-9861

**LUCERO LAW FIRM**
STEVE LUCERO, ESQ. (SBN #298076)
steve@lucerolawfirm.com
ELIZABETH TRESP, ESQ. (SBN #290339)
elizabeth@lucerolawfirm.com
835 5th Ave., Ste. 200A
San Diego, CA 92101
Telephone: (619) 308-6875
Facsimile: (619) 308-6875

Attorneys for Plaintiffs,
*CHARLES NAPIER, as an individual; and DONNA NAPIER, an individual; GABRIEL NAPIER by and through his guardian ad litem, LILLY QUIROZ,*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NAPIER, as an individual and as a successor in interest to MICHAEL NAPIER; DONNA NAPIER, an individual and as successor in interest to MICHAEL NAPIER; GABRIEL NAPIER by and through his guardian *ad litem,* LILLY QUIROZ,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY, a government entity; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, a department of San Diego County; WILLIAM GORE, an individual, BRANDON BOISSERANC, an individual, NICHOLAS DANZA, an individual, and DYLAN NAPIER, an individual,<br><br>Defendants. | Case No. **'15CV0581 CAB KSC**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**CIVIL RIGHTS VIOLATIONS PURSUANT TO 42 U.S.C. §1983:**<br>1. **Excessive Force**<br>2. **Municipal Liability**<br>3. **Failure to Train and Supervise**<br><br>**STATE LAW CLAIMS;**<br>4. **Battery**<br>5. **Intentional Infliction of Emotional Distress**<br>6. **Wrongful Death**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, Plaintiffs CHARLES NAPIER and DONNA NAPIER, individually and as successors in interest to MICHAEL NAPIER'S ESTATE; GABRIEL NAPIER by and through his guardian *ad litem,* LILLY QUIROZ (collectively "Plaintiffs"), who hereby complain against Defendants SAN DIEGO COUNTY, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, WILLIAM GORE, BRANDON BOISSERANC, NICHOLAS DANZA, (collectively "DEFENDANTS") as follows:

## VENUE

1. This is a civil suit brought under the Civil Rights Act, 42 U.S.C. §1983, for violation of Plaintiff's rights under the United States Constitution. This court has subject matter jurisdiction over the parties and this action pursuant to 28 U.S.C. §1343(3), 28 U.S.C. §1331 and 28 U.S.C. §1367; and under principles of pendent jurisdiction.

2. Venue is proper in this district because the events or omissions giving rise to each of these causes of action occurred in the San Diego County, State of California, within the Southern District.

## PARTIES

3. Plaintiff CHARLES NAPIER is a resident of Myrtle Creek, Oregon, but at all relevant times mentioned here, was an individual residing in the San Diego County and is the natural father and successor in interest to MICHAEL NAPIER.

4. Plaintiff DONNA NAPIER is a resident of Myrtle Creek, Oregon, but at all relevant times mentioned here, was an individual residing in the San Diego County and is the natural mother and successor in interest to MICHAEL NAPIER.

5. Plaintiff GABRIEL NAPIER is, and at all relevant times mentioned here, has been an individual residing in the San Diego County, California, and is the child and successor in interest to MICHAEL NAPIER.

///

6. Plaintiffs are informed and believe that at all relevant times mentioned here, Defendant SAN DIEGO COUNTY ("COUNTY"), is a municipal corporation duly organized and existing under the laws of the State of California.

7. Plaintiffs are informed and believe, and thereupon allege, that at all times mentioned herein, Defendant SAN DIEGO COUNTY SHERIFF'S DEPARTMENT ("SDCSD") is a government department duly organized and existing under the laws of the State of California.

8. Plaintiffs are informed and believe that at all relevant times mentioned here, COUNTY operates the SDCSD as an agency and department of the Defendant COUNTY. For the purposes of this action, and in said capacity, Defendant COUNTY is responsible for and administers the SDCSD, which in turn promulgates policies and practices for patrolling and policing various areas of San Diego County, including but not limited to the area near 2000 Melrose Drive, Garage # 31 located in the city of Vista, California.

9. Plaintiffs are informed and believe that at all relevant time mentioned here, Defendant WILLIAM D. GORE ("GORE") is the Sheriff of San Diego County, and runs, operates, oversees, administers, supervises, and are otherwise responsible for the conduct of SDCSD officers and employees, including both acts and omissions of SDCSD officers, employees and agents and other SDCSD workers.

10. Plaintiffs are informed and believe that at all relevant times mentioned here, Defendant BRANDON BOISSERANC, ("BOISSERANC") is an officer, employee, and agent of the SDCSD and COUNTY.

11. Plaintiffs are informed and believe that at all relevant times mentioned here, Defendant NICHOLAS DANZA ("DANZA") is an officer, employee, and agent of the SDCSD and COUNTY.

12. Defendant DYLAN NAPIER is the son of decedent MICHAEL NAPIER. Although he is entitled to bring this action pursuant to Code of Civil Procedure

Section 377.60, he is named as a Defendant because he cannot be located at this time.

13. Defendant COUNTY, through its component departments, and GORE, as chief of the SDCSD, run, operate, train, oversee, administer, supervise, investigate, and are otherwise responsible for the conduct of SDCSD officers and employees, including both acts and omissions of SDCSD officers, employees and agents and other SDCSD workers.

14. Plaintiffs are informed and believe that Defendant GORE is the supervisory officer in charge of the SDCSD and trains, oversees, administers, supervises, investigates, and is otherwise responsible for the conduct of SDCSD officers with subordinate ranks including, but not limited to, Defendants BOISSERANC and DANZA.

15. Plaintiffs are informed and believe that at all times relevant, Defendants COUNTY, SDCSD, GORE, and each of them, each possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the SDCSD, including those individuals charged with patrolling and policing the community, and to assure that said actions, policies, rules, regulations, practices and procedures of the SDCSD and its employees and agents comply with the laws and constitutions of the United States and the State of California.

16. Plaintiffs are informed and believe that at all times relevant, DEFENDANTS COUNTY, SDCSD, GORE, BOISSERANC, and DANZA, and each of them, had the duty and responsibility to ensure that their duties were carried out consistent with all United States and California laws, were charged with the responsibility of maintaining the fitness and discipline of individual members of the SDCSD, including those individuals charged with patrolling and policing the community, of ensuring that individual members of the SDCSD, including those

individuals charged with patrolling and policing the community, complied with the policies and procedures of the COUNTY and SDCSD, of ensuring that individual members of the SDCSD, including those individuals charged with patrolling and policing the community, were aware of the policies and procedures of the COUNTY and SDCSD, of ensuring that individual members of the SDCSD, including those individuals charged with patrolling and policing the community, were properly trained in the policies and procedures of the COUNTY and SDCSD, and of ensuring that individual members of the SDCSD, including those individuals charged with patrolling and policing the community, complied with all laws of the United States and California.

17. At all relevant time mentioned here, Defendant police officers of the SDCSD (hereinafter "OFFICERS") were acting within the course and scope of their employment as peace officers and employees of the COUNTY, which is liable under the principles of *respondeat superior* for these employees' tortious conduct pursuant to section 815.2 of the California Government Code.

18. At all times relevant hereto, Defendant Officers employed and organized unlawful and illegal customs and practices of excessive force, making false arrests, and intentionally causing emotional distress upon innocent victims. Plaintiffs are informed and believe and hereon allege that said misconduct was known by, encouraged, tolerated and/or condoned by Defendant COUNTY, SDCSD, GORE, BOISSERANC, and DANZA.

19. Prior to bringing this suit, Plaintiffs complied with the California Government Claims Statute by filing a claim with San Diego County. That claim was rejected by the COUNTY on September 17, 2014. This Complaint is therefore filed timely.

20. CHARLES, DONNA, and GABRIEL NAPIER bring this action as a survival action, as the successors in interest of their son or father MICHAEL NAPIER, pursuant to California Code of Civil Procedure § 377.30, and a wrongful death

1  action as MICHAEL's sole heirs, pursuant to California Code of Civil Procedure § 377.30.

21. CHARLES, DONNA, and GABRIEL NAPIER are successors in interest to MICHAEL NAPIER for purposes of bringing a survival action and PLAINTIFFS have or will file the affidavit(s) pursuant to California Code of Civil Procedure Section 377.32.

## STATEMENT OF FACTS

22. On the afternoon and early evening of January 31, 2014, MICHAEL, then 33 years old, was working on his bicycle in his father's garage located at 2000 Melrose Drive, Garage # 31 located in the city of Vista, California.

23. During the course of the afternoon and early evening, multiple OFFICERS of the SDCSD's Gang Enforcement Task Force, including Defendants BOISSERANC and DANZA were performing surveillance on Michael from three or more vehicles located in various positions in the parking lot.

24. At approximately 6:30 p.m., the OFFICERS, including Defendants BOISSERANC and DANZA approached the garage and identified themselves. The OFFICERS caused Michael Napier (hereinafter "Deceased" or "MICHAEL") to cease working on his bicycle and stand up.

25. MICHAEL was unarmed and posed no threat to the police just prior to the moment when deadly force was used on his body.

26. Without valid justification, the OFFICERS, including Defendants BOISSERANC and DANZA, opened fire and shot decedent multiple times which resulted in his life ending prematurely.

27. The OFFICERS, including Defendants BOISSERANC and DANZA, were aware that MICHAEL was unarmed during the entire interaction.

28. Decedent was unarmed when Defendants BRANDON BOISSERANC and NICHOLAS DANZA shot and killed him.

///

29. As a result of the shooting by Defendants BOISSERANC and DANZA, MICHAEL was struck multiple times in the torso and chest, sustaining serious injury to his mind and body.

30. As a further result of being shot by Defendants BOISSERANC and DANZA, MICHAEL eventually died at the scene. Prior to his death, Defendant BOISSERANC and DANZA dragged MICHAEL's body out of the garage, and placed him in handcuffs to ensure that "he was no longer a threat." MICHAEL did not die immediately and instead suffered severe pain to his mind and body prior to his death, in an amount to be determined according to proof at trial.

31. Plaintiffs are informed and believe that the other OFFICERS did not feel that MICHAEL'S action then presented an immediate deadly threat to themselves or others, justifying the use of deadly force against MICHAEL. Thus, these deputies never fired at MICHAEL, though they did not attempt to stop their fellow OFFICERS from executing MICHAEL.

32. Plaintiffs are informed and believe that, at the time by Defendants BOISSERANC and DANZA intentionally opened fire at MICHAEL, the Defendants did not know, or could not have known, whether there were innocent people in the vicinity of the garage or within the line of fire.

33. Defendants BOISSERANC and DANZA negligently, recklessly and unreasonably concluded that MICHAEL presented a deadly threat to their safety, thereby justifying the use of deadly force against him.

34. MICHAEL did nothing to justify this use of deadly force against him. He had committed no crime or public offense, so as to justify this use of deadly force. He had not posed a reasonable threat to any of the Defendants, or any other person, so as to justify this use of deadly force. He was unarmed, and had surrendered to the Defendants when Defendants BOISSERANC and DANZA chose to open fire on him.

///

35. The acts and/or omissions of Defendants, and each of them, were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of decedent. Plaintiffs therefore pray for an award of punitive and exemplary damages against these individual defendants in an amount to be determined according to proof.

36. Plaintiffs are informed and believe that the use of deadly force was in violation of well-established law and principles of proper police conduct.

37. As a direct and legal result of the acts and/or omissions of each of the Defendants as described above, Plaintiffs have each sustained pecuniary losses resulting from the loss of MICHAEL'S love, comfort, society, care, assistance, protection, companionship, guidance, attention, moral support, and financial support, all in an amount to be determined according to proof at trial.

38. Plaintiffs are informed and believe that MICHAEL was summarily executed by Defendants BOISSERANC and DANZA without lawful reason and in violation of principles of universally recognized and applicable human rights; in violation of treaties to which the United States is a party; and in violation of the United States Constitution, the California Constitution, United States common and statutory law, and California common and statutory law.

39. Plaintiffs are informed and believe that each of the Defendants falsified police reports or otherwise made false statements in order to cover for their use of excessive and unnecessary deadly force and attempted to create a false excuse for using deadly force.

40. Plaintiffs are informed and believe and therefore allege that Defendants falsified police reports or otherwise made false statements in order to incorrectly and falsely claim that they believed that MICHAEL was reaching for a weapon or that police officers or anyone was in danger.

///

///

41. Plaintiffs are informed and believe that MICHAEL's death at the hands of Defendants was not the first time that officers of the SDCSD have been involved with other shootings of unarmed citizens.

42. Plaintiffs are informed and believe that each and every Defendant, including the COUNTY, GORE, and the supervisory police officer Defendants, knew or should have known that there was a problem with the SDCSD of applying excessive and unnecessary force, including excessive deadly force, to persons in violation of state and federal law, but that Defendants took no action to prevent further applications of excessive deadly force, Defendants took no action to properly and fairly investigate applications of excessive force, the Defendants took no action to train police officers to avoid use of excessive force, and they took no action to hold officers to account for use of excessive force, including excessive deadly force.

43. Plaintiffs are informed and believe and therefore allege that police officers with the SDCSD, including Defendants BOISSERANC and DANZA, did and do understand and/or reasonably believe that they can commit acts of excessive force and that their supervisors, the SDCSD, GORE, and the COUNTY will not just tacitly approve of the excessive force, but that their supervisors, the SDCSD, GORE, and the COUNTY will affirmatively act on their behalf to ensure that police officers with the SDCSD are not and will not be held to properly account for application of excessive force.

44. As a further legal result of the acts and/or omissions alleged in this complaint, Plaintiffs CHARLES NAPIER and DONNA NAPIER have sustained damages for funeral and burial expenses, all in an amount to be determined according to proof at trial.

45. Plaintiffs are informed and believe that Defendants COUNTY, SDCSD, and GORE failed to properly investigate the misconduct of Defendants BOISSERANC and DANZA.

46. Plaintiffs allege that each of Defendants COUNTY, SDCSD, GORE, DAVIS, BOISSERANC and DANZA ratified and condoned all of these Defendants' misconduct, all in accordance with a policy, practice and procedure of the COUNTY to permit, allow and ratify such misconduct, including when such misconduct is challenged by citizens' complaints.

47. Plaintiffs have retained private counsel to represent them in this matter and are entitled to an award of attorneys' fees and costs.

## FIRST CAUSE OF ACTION

## VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE AND EXCESSIVE FORCE

## (42 U.S.C. § 1983)

## (Against DEFENDANTS BOISSERANC and DANZA)

48. Plaintiffs hereby re-allege and incorporate by reference as though fully set forth here all prior paragraphs of this Complaint.

49. Plaintiffs bring this claim as a survival action pursuant to California Code of Civil Procedure section 377.30, and as a wrongful death action pursuant to California Code of Civil Procedure section 377.60.

50. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

51. On and before January 31, 2014, MICHAEL possessed the right, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures in the form of excessive force by police officers acting under the color of law.

52. MICHAEL also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

53. On or about January 31, 2014 Defendants BOISSERANC and DANZA violated MICHAEL's constitutional rights when they unlawfully, unreasonably, and

without justification used excessive force by fatally wounding MICHAEL with multiple shots to the torso and chest as set forth above.

54. The use of excessive force against MICHAEL by Defendants BOISSERANC, and DANZA was entirely unjustified by any actions of MICHAEL and was an unreasonable and excessive use of force.

55. Defendants BOISSERANC and DANZA subjected MICHAEL to the aforementioned deprivations by either actual malice, deliberate indifference or a reckless disregard of MICHAEL'S rights under the Federal and California Constitutions.

56. Defendants BOISSERANC and DANZA acted at all relevant times knowing full well that the established practices, customs, procedures and policies of the COUNTY and the SDCSD, as well as of their supervisors within the SDCSD, would allow a cover-up and allow the continued use of illegal force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws of the State of California.

57. As a direct and legal result of the acts alleged above, MICHAEL suffered severe bodily injury and his death and suffered damages to be proven at trial.

58. As a further direct and legal result of the acts alleged above, Plaintiffs have been deprived of the love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, as well as other benefits and assistance of MICHAEL. Plaintiffs CHARLES and DONNA NAPIER have also incurred burial and funeral expenses.

59. Plaintiffs were damaged as a legal result of the aforesaid acts and omissions in an amount and manner to be shown according to proof at trial.

60. The aforementioned acts of Defendants BOISSERANC and DANZA were willful, wanton, malicious, and oppressive, and justify the award of exemplary or punitive damages as against them.

///

## SECOND CAUSE OF ACTION
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983
## (Against DEFENDANT COUNTY)

61. Plaintiffs hereby re-allege and incorporate by reference as though fully set forth here all prior paragraphs of this Complaint.

62. Plaintiffs bring this claim as a survival action pursuant to California Code of Civil Procedure section 377.30, and as a wrongful death action pursuant to California Code of Civil Procedure section 377.60.

63. At all relevant times, Defendants GORE, BOISSERANC and DANZA were agents and employees of Defendant COUNTY, and were carrying out the acts alleged above while acting under color of the authority and color of law, regulations, customs, and usages of the COUNTY.

64. At the time of the excessive force against MICHAEL, Defendant COUNTY had in place and had ratified, policies, procedures, customs and practices by which the COUNTY and its Sheriff's Department would not discipline, prosecute or in any reasonable way take corrective or responsive action to known incidents and/or complaints of excessive force.

65. The acts or omissions of Defendants, and each of them, as alleged herein regarding the use of excessive force were either: (1) caused by inadequate and arbitrary training, supervision, or discipline of officers by the SDCSD and/or the COUNTY; (2) caused by deliberate indifference of the SDCSD and/or the COUNTY (3) consistent with, and done pursuant to, a custom or *de facto* policy of the SDCSD and/or the COUNTY; or, (4) ratified by final decision makers of the SDCSD and/or the COUNTY.

66. The foregoing acts, omissions and systematic deficiencies are policies and customs of Defendant COUNTY, and as such cause Defendant COUNTY'S and SDCSD's police officers to believe that excessive force, against a detainee or citizen is permissible and that such misconduct would not be honestly and

properly investigated, all with the foreseeable result that the COUNTY'S officers would engage in violation of civil rights of citizens and residents of this state.

67. As a direct and legal result of the acts alleged herein, decedent suffered severe bodily injury and his death. As a further direct and legal result of the acts alleged above, Plaintiffs have been deprived of the love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, as well as other benefits and assistance of decedent. CHARLES AND DONNA NAPIER have also incurred burial and funeral expenses.

68. PLAINTIFFS were damaged as a legal result of the aforesaid acts and omissions in an amount and manner to be shown according to proof at trial.

## THIRD CAUSE OF ACTION
## FAILURE TO TRAIN AND SUPERVISE UNDER 42 U.S.C. § 1983
## (Against DEFENDANTS COUNTY, GORE and SDCSD)

69. Plaintiffs hereby re-allege and incorporate by reference as though fully set forth here all prior paragraphs of this Complaint.

70. Plaintiffs bring this claim as a survival action pursuant to California Code of Civil Procedure section 377.30, and as a wrongful death action pursuant to California Code of Civil Procedure section 377.60.

71. This cause of action is brought pursuant to 42 U.S.C § 1983, with Plaintiffs seeking to redress a deprivation under color of law of a right, privilege or immunity secured to MICHAEL, respectively, by the First, Fourth and Fourteenth Amendments to the United States Constitution.

72. Defendants COUNTY, GORE and SDCSD violated MICHAEL's constitutional rights, as alleged above, by, among other things, failing to train as follows:

73. Plaintiffs are informed, believe and therefore allege that each of Defendants with the COUNTY and the SDCSD regularly engage in the misdeeds set forth in paragraphs 1 through 72 above;

74. Plaintiffs are informed, believe and therefore allege that Defendants COUNTY,

GORE and SDCSD and each of them, had ample reason to know, based upon complaints, claims for damages, incidents that occurred between SDCSD Officers and MICHAEL that occurred less than a month prior, and other identical incidents *inter alia*, that the COUNTY'S officers and/or employees regularly engaged in the misdeeds set forth in paragraphs 1 through 73 here above.

75. Plaintiffs are informed, believe and therefore allege that Defendants COUNTY, GORE and SDCSD and each of them, have failed to properly train their respective employees, officers, subordinate officers, managers and supervisors as to the legal requirements and protections applicable to persons as set forth in the United States and California Constitutions, and other laws set forth in this complaint.

76. Plaintiffs are informed, believe and therefore allege that Defendants COUNTY, GORE and SDCSD, and each of them, have failed to properly supervise and control the actions of their respective employees, officers, subordinate officers, managers and supervisors in order to ensure that they comply with the legal requirements and protections applicable to persons as set forth in the United States and California Constitutions, and other laws set forth in this complaint.

77. Plaintiffs allege that these failures are the result of deliberate indifference to the rights of citizens on the part of Defendants COUNTY, GORE and SDCSD by each of them and by and through their decision makers and subordinates.

78. The foregoing unconstitutional failures to train were a direct and legal cause of harm to Plaintiffs.

79. Plaintiffs specifically allege that Defendants' failures to train, as described above, were within each of their control and within the Defendants' feasibility to alter, adjust and/or correct so as to prevent some or all of the unlawful acts and injuries complained of above by Plaintiffs.

80. As a direct and legal result of the acts alleged above, MICHAEL suffered severe bodily injury and his death. As a further direct and legal result of the acts alleged

1  above, Plaintiffs have been deprived of the love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, as well as other benefits and assistance of MICHAEL. CHARLES and DONNA have also incurred burial and funeral expenses.

81. Plaintiffs were damaged as a legal result of the aforesaid acts and omissions in an amount and manner to be shown according to proof at trial.

82. The aforementioned acts of Defendants COUNTY, GORE and SDCSD were willful, wanton, malicious, and oppressive, and justify the award of exemplary or punitive damages as against Defendants COUNTY, GORE and SDCSD.

## FOURTH CAUSE OF ACTION
## BATTERY (Cal. Civ. Code § 43)
## (Against DEFENDANTS BOISSERANC and DANZA)

83. Plaintiffs hereby re-allege and incorporate by reference as though fully set forth here all prior paragraphs of this Complaint.

84. Plaintiffs bring this claim as a survival action pursuant to California Code of Civil Procedure section 377.30, and as a wrongful death action pursuant to California Code of Civil Procedure section 377.60.

85. In committing the acts alleged above, MICHAEL was violently, wrongfully, and intentionally battered by Defendants BOISSERANC and DANZA, by firing multiple rounds of live ammunition at MICHAEL with the intent to inflict serious and bodily injury, striking him multiple times, causing MICHAEL great bodily harm and death.

86. Defendants BOISSERANC and DANZA also battered MICHAEL when they handcuffed his hands and dragged his body outside the garage after being shot several times.

87. At all times relevant hereto, Defendants BOISSERANC and DANZA were acting within the course and scope of their employment as peace officers and employees of the COUNTY, which is liable under the principles of *respondeat superior* for

said employees' tortious conduct pursuant to section 815.2 of the California Government Code.

88. Both prior to and during the time in which MICHAEL was shot; MICHAEL did not consent to the use of force used upon him. In committing the acts described above, Defendants subjected MICHAEL to unreasonable harm to his person, in violation of California Civil Code Section 43.

89. As a direct and legal result of the acts alleged above, MICHAEL suffered severe bodily injury and his death. As a further direct and legal result of the acts alleged above, Plaintiffs have been deprived of the love, affection, care, society, service, comfort, support, right to support, companionship, solace or moral support, as well as other benefits and assistance of MICHAEL. CHARLES and DONNA NAPIER have also incurred burial and funeral expenses.

90. Plaintiffs were damaged as a legal result of the aforesaid acts and omissions in an amount and manner to be shown according to proof at trial.

91. The aforementioned acts of BOISSERANC and was willful, wanton, malicious, and oppressive, and justify the award of exemplary damages as against BOISSERANC and DANZA.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (Against All DEFENDANTS)

92. Plaintiffs hereby re-allege and incorporate by reference as though fully set forth here all prior paragraphs of this Complaint.

93. Plaintiffs bring this claim as a survival action pursuant to California Code of Civil Procedure section 377.30.

94. The above-described acts of Defendants BOISSERANC and DANZA was outrageous, intentional, unlawful, malicious, and committed for the express purpose of causing MICHAEL to suffer increased mental anguish and emotional and physical distress, or with reckless disregard for the probability of causing

emotional distress, and represented conduct which goes beyond all possible bounds of decency.

95. At all times relevant hereto, Defendants BOISSERANC and DANZA 100 were acting within the course and scope of their employment as employees of the COUNTY, GORE, and the SDCSD which are each liable under the principles of *respondeat superior* for said employees' tortious conduct pursuant to section 815.2 of the California Government Code.

96. As a direct and legal result of the acts alleged herein, Michael suffered severe bodily injury and death. As a result, Plaintiffs have been deprived of the love, affection, care, society, service, comfort, support, right to support, companionship, solace, or moral support, as well as other benefits and assistance of decedent. Plaintiffs have also incurred burial and funeral expenses.

97. Plaintiffs were damaged as a legal result of the aforesaid acts and omissions in an amount and manner to be shown according to proof at trial. Defendants' actions were a substantial factor in causing Plaintiff's serious emotional distress.

98. The aforementioned acts of Defendants BOISSERANC and DANZA were willful, wanton, malicious, and oppressive, and justify the award of exemplary damages as against Defendants BOISSERANC and DANZA.

## SIXTH CAUSE OF ACTION
## WRONGFUL DEATH
## (Against All DEFENDANTS)

99. Plaintiffs hereby re-allege and incorporate by reference as though fully set forth here all prior paragraphs of this Complaint.

100. Plaintiffs bring this claim as a wrongful death action pursuant to California Code of Civil Procedure section 377.60.

101. Plaintiffs bring this claim based on each of the Defendants' negligence and/or willful misconduct.

///

102. As a result of the aforementioned acts and omissions of the Defendants, MICHAEL was shot and killed on January 31, 2014. As alleged above, the shooting and death of MICHAEL was the legal result of the Defendants' willful misconduct and the Defendants' absence of due care for the safety of others, including MICHAEL, and was done in a reckless, unlawful, and/or negligent manner, and was without any legal or just cause.

103. As a direct and legal result of the acts and/or omissions alleged above, Plaintiffs have sustained damages consisting of (1) the value of lost financial and other support from the MICHAEL according to proof; (2) the value of gifts or benefits that the MICHAEL would have provided according to proof; (3) the value of funeral and burial expenses according to proof; and (4) the loss of society, comfort, and protection according to proof.

104. As a direct and legal cause of the acts alleged herein, decedent suffered severe bodily injury and death. As a result, Plaintiffs have been deprived of the love, affection, care, society, service, comfort, support, right to support, companionship, solace, or moral support, as well as other benefits and assistance of decedent. Plaintiffs have also incurred burial and funeral expenses. Plaintiffs were damaged as a proximate result of the aforesaid acts and omissions in an amount and manner to be shown according to proof at trial.

## **PRAYER**

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For compensatory and other economic damages in an amount according to proof;
2. For punitive and exemplary damages against the individual Defendants in an amount according to proof;
3. For general and special damages in an amount according to proof;
4. For all damages that Michael would have been able to recover from Defendants had he lived, according to proof;

5. For all damages for lost support of Michael according to proof;

6. For all damages for the value of gifts or benefits that Michael would have provided according to proof;

7. For all damages for the loss of Michael's love, comfort, society, care, assistance, protection, companionship, guidance, attention, moral support, and financial support, all in an amount to be determined according to proof at trial;

8. For medical, funeral, and burial costs, in an amount to be determined according to proof;

9. For costs of suit incurred here;

10. For pre-judgment and post-judgment interest;

11. For an award of attorneys' fees as may be available by contract or statute; and

12. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand trial by jury.

Dated: March 13, 2015            **LAYFIELD & WALLACE, APC**

By: /s/ Philip J. Layfield
Philip J. Layfield, Esq.
Daniel Desantis, Esq.
Attorneys for Plaintiffs,
*CHARLES NAPIER, as an individual; and DONNA NAPIER, an individual; GABRIEL NAPIER by and through his guardian ad litem, LILLY QUIROZ,*

Dated: March 13, 2015                    **LUCERO LAW FIRM**

By: /s/ Estevan R. Lucero
*Estevan R. Lucero, Esq.*
*Elizabeth Tresp, Esq.*
*Attorneys for Plaintiffs,*
*CHARLES NAPIER, as an individual;*
*and DONNA NAPIER, an individual;*
*GABRIEL NAPIER by and through his*
*guardian ad litem, LILLY QUIROZ,*