# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL NAPIER by and through his guardian ad litem, LILLY QUIROZ,<br><br>    Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY, a government entity; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, a department of San Diego County; WILLIAM GORE, an individual; BRANDON BOISSERANC, an individual; and NICHOLAS DANZA, an individual,<br><br>    Defendants. | Case No.: 3:15-cv-00581-CAB-(KSC)<br><br>**ORDER APPROVING THE EX-PARTE PETITION FOR APPROVAL OF MINOR'S COMPROMISE OF CLAIMS**<br>**[Doc. No. 118]** |

This matter comes before the Court on Plaintiff's counsel's Ex-Parte Petition for Approval of Minor's Compromise of Claims. [Doc. No. 118.] Based upon the Court's review of the papers, the Compromise hearing held on November 28, 2017, and for the reasons set forth below, the Court **GRANTS** the petition.

## I. Background

This action involves the death of minor child's father, Michael Napier. Mr. Napier was shot and killed on January 31, 2014 by two San Diego Sheriff's deputies who were attempting to arrest Napier pursuant to an active warrant.

On May, 13, 2015, Plaintiff Gabriel Napier, by and through his guardian ad litem, Lilly Quiroz, commenced this action against the County of San Diego, the San Diego County Sheriff's Department, and three county sheriffs alleging violation of the fourth amendment claims and state law claims for battery, intentional infliction of emotional distress and wrongful death. [Doc. No. 1.]

On July 17, 2017, this Court vacated its earlier summary judgment order and granted summary judgment on the fourth amendment claims on the basis of qualified immunity but denied Defendants' motion as to the state law claims for wrongful death/battery. [Doc. No. 106.] An October, 2017 trial date was subsequently set by the Court, which was ultimately vacated at the request of the parties upon reaching a settlement. [Doc. Nos. 112, 114, 116.]

On November 9, 2017, counsel for Plaintiff filed an ex-parte petition for approval of minor's compromise of claims. [Doc. No. 118.] The Petition requests the Court approve the proposed settlement. Under the terms of the settlement, this matter would be settled for $77,500.00. [Doc. No. 118-1 at ¶ 16.]

The underlying facts are set forth in the Court's earlier on the motion for summary judgment. [Doc. No. 106]. On January 31, 2014, a handful of San Diego County Sheriff's deputies in the Gang Enforcement Team went to a Vista apartment complex in order to arrest Michael Napier. [*Id*. at 2.] Upon arriving at the location, the deputies found Napier in the garage of his father's house working on his bicycle. [*Id*. at 2-4.] The deputies proceeded to approach the garage with their guns drawn, enter the structure, identify themselves as officers and ordered Napier to put his hands up. [*Id*. at 4-5.] Two of the deputies, Boisserance and Danza fired their weapons at Napier, striking him several times. [*Id*. at 7.] Napier died at the scene. [*Id.*]

Neither the minor child nor his mother were present during the incident.

**II.     Discussion**

It is well settled that district courts have a special duty to safeguard the interests of litigants who are minors in the context of settlements proposed in civil suits. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* Fed. R. Civ. P. 17(c) (district courts "must appoint a guardian *ad* litem-or issue another appropriate order-to protect a minor or incompetent person who is unrepresented in an action.") "This special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interest of the minor.'" *Robidoux,* 638 F.3d at 1181 (quoting *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978)). *See also Salmeron v. United States,* 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem"). To facilitate courts within this district fulfilling the duty to safeguard, Local Rule 17.1(a) provides that "[n]o action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." CivLR. 17.1(a)[1].

Ordinarily, "in considering the fairness of a minor's state law settlement, federal courts generally require that claims by minors . . . be settled in accordance with the applicable state law." *Lobaton v. City of San Diego*, Case No. 3:15-cv-1416-GPC-DHB, 2017 WL 2610038, at *2 (June 16, 2017) (internal quotation marks and citation omitted). California law requires court approval of a settlement for a minor and attorney's fees to represent a minor. CAL. PROB. CODE § 3601; CAL FAM. CODE § 6602. The court is tasked

---

[1] This requires the court question if the settlement is in the best interests of the minor or incompetent and consider not only the fairness of the settlement, but the structure and manner of the plan for the payment and distribution of the assets for the benefit of the minor or incompetent. Under the Rule, parties must submit the settlement to a magistrate judge for preliminary review of the structural components. *See* CivLR 17(a) ("All settlements and compromises must be reviewed by a magistrate judge before any order of approval shall issue.").

with evaluating the reasonableness of the settlement and determining whether the compromise is in the best interest of the minor before approving a settlement. *Espericueta v. Shewry,* 164 Cal. App. 4th 615, 617 (2008). Furthermore, California Probate Code Section 3601 authorizes the court approving a compromise of a minor's disputed claim to "make a further order authorizing and directing that reasonable expenses, medical or otherwise[,] . . . costs, and attorney's fees, as the court shall approve and allow therein, shall be paid from the money or other property to be paid or delivered for the benefit of the minor. CAL. PROB. CODE§ 3601(a). The statute "bestows broad power on the court to authorize payment form the settlement - to say who and what will be paid from the minor's money – as well as direct certain individuals to pay it." *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (1994).

However, following the Ninth Circuit's decision in *Robidoux,* district courts have been split on whether or not to apply *Robidoux* when evaluating the propriety of a settlement of a minor's state law claims. *See Lobaton,* 2017 WL 2610038, at *2; *see also id.* at n. 1 (collecting district court cases). The *Robdioux* court provided that in cases involving the settlement of a minor's federal claims, district courts should "limit the scope of their review to the question of whether the net amount distributed to each minor plaintiff is fair, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robdioux,* 638 F.3d at 1181. Here, the instant case was filed in this Court on the basis of federal question, but since summary judgment on the remaining 42 U.S.C. § 1983 claim was granted in favor of Defendants, the only remaining causes of action are the state law claims for battery and wrongful death. The Court, therefore, will apply California law and focus on whether "the compromise is sufficient to provide for the minor's injuries, care and treatment." *Goldberg,* 23 Cal. App. 4th at 1382. Additionally, the Court will consider

the guidelines set forth in *Robidoux* because they provide a "framework for evaluating the reasonableness and fairness of Plaintiff's settlement."[2] *Lobaton,* 2017 WL 2610038, at *2.

Here, the proposed settlement of Gabriel Napier's state law claims would result in a payment in the amount of $77,500. Further, the settlement provides that $19,375.00 of the proceeds will be paid to Plaintiff's counsel, Estevan Lucero, as attorney's fees, and an additional $17,000.00 [3] will be paid to reimburse Plaintiff's counsel for additional litigation costs.[4] [Doc. No. 118-1 at ¶ 16.] The minor, Gabriel Napier will receive a net recovery in the amount of $41,125.00.

This action was commenced in May 2015, and the facts of the case have been thoroughly investigated and developed over the course of the litigation. The settlement agreement was reached on the eve of trial, after the conclusion of discovery and after Defendants have won summary judgment on the § 1983 claims. [Doc. Nos. 106, 112, 114, 116.] It allows for certainty of recovery for the minor Plaintiff, as opposed to the uncertainty associated with a jury verdict. Furthermore, although the petition does not identify any other cases involving circumstances similar to those alleged in the complaint, the Court performed its own review of the case law and finds Plaintiff's net recovery to be fair and reasonable under the circumstances. *See, e.g.*, *Swayzer v. City of San Jose*, No. C10-03119 HRL, 2011 WL 3471217, at *1 (N.D. Cal. Aug. 5, 2011) (finding settlement of minor's section 1983 claims against the City for $2,054.17 fair and reasonable); *Doe ex*

---

[2] Regardless, the Court's finding is not dependent on the applicability of *Robidoux* because under either California or federal law, the settlement is fair, reasonable, and in the best interests of Gabriel Napier.

[3] Originally, in the declaration filed in support of the minor's compromise, Plaintiff's counsel requested "additional litigation costs" in the amount of $22,005.49. [Doc. No 118-1 at ¶ 16.] The additional paperwork submitted at the request of the Court reduced the costs to $20,844.19. At the compromise hearing Mr. Lucero further reduced the costs to $17,000.

[4] At the compromise hearing Mr. Lucero represented that the bankruptcy lien related to this lawsuit would be resolved for $5,000.00. Mr. Lucero proffered that $3,000.00 in costs are to be paid from the $17,000.00 awarded as costs in the settlement and $2,000.00 in attorneys' fees are to be paid from his attorney's fee award of $19,375.00.

*rel. Scott v. Gill*, 2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012) (finding settlement of minor's section 1983 claims for the death of her mother for $7,188 fair and reasonable); *Armstrong v. Dossey*, Nos. C 11-4759 CW, C 11-5009 CW, C 11-5083 CW, 2013 WL 4676541, at *5 (E.D. Cal. Aug. 30, 2013) (finding settlement of minors' § 1983 claims for their father's death for $22,500 for minor with close relationship to father and $11,000 to minor with little to no relationship with father fair and reasonable); *Frary v. Cnty. of Marin*, Case No. 12-cv-03928-MEJ, 2015 WL 575818 (N.D. Cal. Feb 10, 2015) (finding settlement of minor's § 1983 and negligence claims for a net recovery of $73,844.39 fair and reasonable); *Lobaton*, 2017 WL 2610038, at *3 (finding settlement of minor's emotional distress and negligent infliction of emotional distress claims for $10,000.00 fair and reasonable.). Thus, upon consideration of the facts of the case, Gabriel Napier's remaining claims, the risks associated with trial, and the recoveries in similar actions, the Court concludes that under either California or federal law the proposed compromise is fair and reasonable.

Additionally, the method of disbursement of the settlement appears fair, reasonable and within the bounds of applicable law. Under California Probate Code section 3600 *et. seq.* various alternatives are available for holding the funds of a settlement of a minor or incompetent, one such alternative is a blocked account. The California Code provides that upon petition by the guardian/guardian ad litem on behalf of the minor child or incompetent, the funds may be deposited in an insured account or a deferred annuity subject to withdrawal only upon Court Order. *See* CAL. PROB. CODE § 3602(c)(1). The settlement comports with this provision by providing that the balance of the settlement be placed in a blocked account, which will be disbursed when the minor reaches the age of eighteen.

### III. Attorneys' Fees and Costs

Attorneys' fees and costs are typically controlled by statute, local rule or local custom. Generally, fees in minors cases have historically been limited to 25% of the gross recovery. In California, courts are required to approve the attorneys' fees to be paid for

6

3:15-cv-00581-CAB-(KSC)

representation of a minor. *See* CAL. PROB. CODE § 2601; Cal. Rule of Ct. 7.955.[5] To determine whether the fee is reasonable courts consider a myriad of factors including: the amount of the fee in proportion to the value of the services performed; the novelty and difficulty of the questions involved and skills required; the amount involved and the results obtained; and the experience and ability of the attorney. Cal. Rule of Ct. 7.955(b). In instances where a contingency fee has been proposed "most courts require a showing of 'good cause' to award more that 25% of any recovery" whereas a greater reward is "rare and justified only when counsel proves that he or she provided extraordinary services." *Schwall v. Meadow Wood Apts.*, No. CIV. S-07-0014 LKK, 2008 WL 552432, at *1-2 (E.D. Cal. Feb. 27, 2008) (quoting 2 Weil & Brown, *Cal. Practice Guide: Civ. Proc. Before Trial* §§ 12:576-12:577, 12-17 (2007)). Therefore, to help the Court make the reasonableness determination the petition to approve the minor's compromise should provide a detailed listing of the litigation costs association associated with the litigation.

Initially, Plaintiff's counsel provide a four page declaration in support of his request for attorney's fees in the amount of $19,375.00 along with "additional litigation costs" totaling $22,005.49 but provided no information or details as to how these amounts were earned or accrued. [Doc. No. 118-1.] At the request of the Court, additional information in the form of an excel spreadsheet requesting $20,844.10 in costs has since been provided and reviewed by the Court. At the compromise hearing Mr. Lucero further reduced the requested costs to $17,000.00, which he represented covers $3,000 in costs, $4,000.00 in court reporting fees and $10,000.00 in expert fees. The Court finds that the costs incurred are fair and reasonable under the circumstances. This litigation, which began in May 2015, only settled on the eve of trial and involved the completion of discovery, multiple

---

[5] Similarly, San Diego Superior Court Civil Rule 2.4.6. 2 states "[a]t the time of the [minor's compromise] hearing, the court will determine the amount of costs, expenses, and attorney's fees to be allowed from the proceeds of the settlement. Absent extraordinary circumstances, attorney's fees will not exceed 25% of the gross proceeds of the settlement."

depositions and retention of one expert. Therefore, the Court will award $17,000.00 in costs.

Additionally, Plaintiff's counsel seeks $19,375.00 in attorney's fees, a sum that represents 25 percent of the gross settlement. Plaintiff's counsel has provided no documentation in support of his request. Nonetheless, the Court finds that in consideration of the duration of this case, the amount of work performed by Plaintiff's counsel, and the fee request's adherence to the 25 percent limit historically applied, the amount of attorney's fees is reasonable and does not suggest that the settlement was unfair.

**IV. Conclusion**

After reviewing the Ex-Parte Petition for Approval of Minor's Compromise of Claims, the Court finds that the proposed settlement of Plaintiff's claims in the amount of $77,500.00 fair and reasonable in light of the minor's claims and the recovery in similar cases.

Additionally, the Court **ORDERS** as follows:

(1) The settlement funds should be disbursed as follows: Attorney's fees in the total amount of $19,375 shall be paid to Plaintiff's counsel, Estevan R. Lucero; $17,000.00 shall be disbursed for costs incurred, this sum is also payable to Plaintiff's attorney subject to the portions attributed to the negotiated liens as represented at the hearing. The balance of the settlement after payment of reasonable fees and costs is $41,125.00.

(2) The minor's recovery will be deposited by his guardian ad litem, Lilly Quiroz, in a blocked account, which Lilly Quiroz will open at a branch of Chase Bank, a federally insured institution. The funds will be held there until Gabriel Napier reaches the age of majority, eighteen. Until that time, no withdrawals of principal or interest may be made from the blocked account without a certified copy of a written order under this case name and number, signed by a judge of this Court.

(3) Within seventy-two hours of receipt of a check payable to the order of Lilly Quiroz, as guardian ad litem for Gabriel Napier, the minor Plaintiff's net

settlement amount ($41,125.00) shall be deposited into the blocked account for the minor's benefit. When the minor reaches the ages of eighteen, the depository, without further order of the Court, is authorized to pay by check or draft directly to the Plaintiff, upon proper demand all monies due under the Court's order. Gabriel Napier's guardian ad litem shall deliver a copy of this order to the depository, Chase Bank, at the time of the deposit.

(4) The parties' joint dismissal documents shall be filed no later than **January 16, 2018**.

It is **SO ORDERED.**

Dated: November 28, 2017

Hon. Cathy Ann Bencivengo
United States District Judge